UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AURELIO RODRIGUEZ<br>Plaintiff | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | | |
| | * | SECTION " " |
| SCHINDLER ELEVATOR CORP.<br>Defendant | * | MAGISTRATE |
| ****************************************** | * | JURY DEMANDED |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION AND RETALIATION

Aurelio Rodriuez ("Rodriguez"), institutes this action, against the defendant, Schindler Elevator Corporation ("Schindler"). Rodriguez is an individual of the age of majority and a resident of New Orleans, Louisiana and avers as follows:

### JURISDICTION AND VENUE

I.

Jurisdiction of this Court is proper under 28 U.S.C. §§451, 1331, 1343 and 1367.

II.

The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

### PARTIES

III.

Plaintiff is Aurelio Rodriguez, an individual of the full age of majority, resident of New Orleans, Louisiana, who, at all pertinent times hereto was an employee of Schindler.

1

IV.

Defendant is:

Schindler Elevator Corporation ("Schindler"), which has continuously been a Delaware Corporation with its principle place of business on #20 Whippany Road, Morriston, New Jersey and doing business in the State of Louisiana and the City of Harahan, and has continuously had at least fifteen (15) employees: Agent for Service of Process is CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808.

V.

At all material times hereto, Schindler has continuously been an employer engaged in an industry affecting commerce under Federal and State Anti-Discriminatory Laws.

VI.

At all material times hereto, Schindler has been a covered entity under Federal and State Anti-Discriminatory Laws

## STATEMENT OF CLAIMS

VII.

Rodriguez is a native of the United States; however, he has a dark complexion and a strong Hispanic accent which cause most people to believe he is Latin/Mexican. His mother was Honduran, and his father was Cuban.

2

VIII.

Rodriguez began working for Schindler in Harahan, Louisiana, in 2005. Sometime in 2008, Rodriguez complained to Greg Favalora, Superintendent, that others had been calling him "Wetback," "Spic" and other names. In 2008, Schindler terminated Rodriguez because of his race/national origin and because of the complaints of racism within Schindler.

IX.

Thereafter, Rodriguez filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Schindler for discrimination. As a result of the EEOC charge, Schindler offered Rodriguez re-employment in exchange for him dropping the EEOC charge against Schindler.

X.

In 2008, Rodriguez dismissed his EEOC claim and went back to work with Schindler.

XI.

Harassment continued through 2008 and 2009.

XII.

One year after he was hired back, in approximately November of 2009, Greg Favalora called Rodriguez to Harahan to cut grass. After Rodriguez cut the grass, as he always had,

Favalora told Rodriguez that Terry Holmes, Supervisor/Manager, wanted Rodriguez fired and that Schindler had no more work for Rodriguez.  Rodriguez knows that this is false because, at the time he was fired, Rodriguez was in the middle of a job at the Sheraton Downtown, which had another year of work left.  Further, since the wrongful termination of Rodriguez, Schindler has continuously "picked up" many less experienced employees from the International Union of Elevator Contractors, Local 16 (hereinafter referred to as "Local 16")  who were non-Hispanic and had not filed EEOC Complaints. Local 16 acts as the union referral hall that supplies employees to employers pursuant to a collective bargaining agreement. Schindler is a signatory to the collective bargaining agreement, and has chosen not to continue Rodriguez' union employment through the hiring hall by intentionally skipping over him when filling vacant positions.

XIII.

For most, if not all, of his time employed with Schindler, Rodriguez was the only Hispanic.

XIV.

Despite excellent performance records, Schindler discriminated and created a hostile work environment against Rodriguez because of his race, Hispanic, and national origin,  by acting in the following non-exclusive manner:

Failing to employ, promote, pay and treat him equal to non-Hispanics;

Repeatedly sending him home to limit his opportunities;

Repeatedly transferring him to unfavorable environments to persuade him to quit;

Asking him to cut grass then telling him that he was not as good as others;

Repeatedly making suggestions that he should return to his native country; and

Repeatedly calling him "Wetback" and "Spic" and encouraging an environment that promotes discrimination and harassment.

XV.

Rodriguez's supervisor, Greg Favalora, has admitted that his elevator workers, including his brother, are racially and ethnically prejudiced.

XVI.

Schindler has encouraged its employees to discriminate against Hispanics in Harahan.

XVII.

Schindler promotes a pattern and practice of discrimination against Hispanics in Harahan, Louisiana.

XVIII.

On or about November 1, 2009, despite productive months of work at the Sheraton Downtown, Schindler terminated Rodriguez because of his race, Hispanic, and his perceived national origin, Mexican.

XIX.

At all times material hereto, Rodriguez sought employment through referrals from Local 16, of which he was a dues paying member. However, Schindler has failed to allow Local 16 to refer Rodriguez tp any jobs by specifically exercising its management rights as contained in the collective bargaining agreement to reject certain referrals.

XX.

Prior to his wrongful termination, Rodriguez made complaints to Schindler, through Greg Favalora and others, to no avail. Instead of stopping the discrimination, Schindler supported the discrimination and terminated Rodriguez because of his race, national origin and in retaliation for his complaints.

XXI.

More than 30 days prior to the institution of this lawsuit, Rodriguez filed a charge with the EEOC alleging violations of Title VII by Schindler and Local 16. Rodriguez has received a

"Right to Sue" letter. All conditions precedent to the institution of this lawsuit have been fulfilled.

## XXII.

Since at least 2008, Schindler has engaged in unlawful employment practices at its Louisiana facilities, in violation Federal and State Anti-Discrimination Laws.

## XXIII.

The effect of the practices contained above has been to deprive Rodriguez of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his race, Hispanic, and perceived national origin, Mexican.

## XXIV.

Schindler's unlawful employment practices outlined above were and are intentional.

## XXV.

Schindler's unlawful employment practices outlined above were and are done with malice and/or with reckless indifference to the federally protected rights of Rodriguez.

## XXVI.

Rodriguez hereby requests trial by jury on all issues.

**WHEREFORE**, plaintiff, Aurelio Rodriguez, prays that after due proceedings are had, that judgment be rendered in his favor and against the defendant, Schindler Elevator Corporation as follows:

1. Order the defendant, Schindler, to make whole Rodriguez, by providing appropriate back pay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including, but not limited to, rightful-place hiring of Rodriguez or front pay for an indefinite period of time;

2. Order the defendant, Schindler, to make whole Rodriguez by providing compensation for past and future pecuniary loss resulting from the unlawful employment practices described in the preceding paragraphs, including, but not limited to, job search expenses, retirement benefits, medical insurance premiums, medical expenses not covered because Rodriguez was not a member of the employer's employee benefit plan, including dental coverage, emergency room care, and coverage of pre-existing conditions and consumer credit counseling service fees in amounts to be determined at trial;

3. Order the defendant, Schindler, to make whole Rodriguez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the preceding paragraphs, including, but not limited to, emotional pain,

suffering, inconvenience, loss of enjoyment of life, reduction in the standard of living, strain on his relationship with members of her immediate family, lowered self-esteem and humiliation, in amounts to be determined at trial.

    4.    Order the defendant, Schindler, to make whole Rodriguez by providing Rodriguez with a monetary sum sufficient to account for his compensatory damages, attorney's fees, costs, and all such other relief as requested above;

    5.    Order the defendant, Schindler, to pay to Rodriguez punitive damages for its malicious and reckless conduct, as described in the preceding paragraphs, in an amount to be determined at trial.

    Grant all additional relief that this Court deems just and appropriate.

Respectfully submitted:
**BURGOS & EVANS, L.L.C.**

_____
CESAR R. BURGOS (# 24328)
ROBERT B. EVANS, III, TA (# 23473)
3535 Canal Street
New Orleans, Louisiana 70119-6135
Telephone: (504) 488-3722
Facsimile: (504) 482-8525

**JAY ALAN GINSBERG (#01376)**
715 Girod Street, Suite 200
New Orleans, Louisiana 70112
Telephone: (504) 587-3744
Facsimile: (504) 586-9888
**Attorney for Plaintiffs**