UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

AURELIO RODRIGUEZ                                    CIVIL ACTION

VERSUS                                               NO: 11-1218

SCHINDLER ELEVATOR CORP.                             SECTION: R(2)

**ORDER AND REASONS**

Defendant Schindler Elevator Corporation moves for a partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court GRANTS Schindler's motion to dismiss acts occurring before June 11, 2009 with respect to the Title VII claims based on discrimination and retaliation and orders the parties to supplement the record with respect to the hostile work environment claim.

**I.   BACKGROUND**

Plaintiff Aurelio Rodriguez, whose mother was Honduran and father was Cuban, worked for defendant Schindler Elevator Corporation from 2005 to November 2009.  Rodriguez alleges that in 2008 co-workers called him "Wetback," "Spic," and other names due to his dark complexion.  He reported this behavior to Greg

---

[1]   R. Doc. 17.

Favalora, his superintendent at Schindler, after which Schindler terminated Rodriguez's employment.[2] In response, Rodriguez filed a complaint in 2008 with the Equal Employment Opportunity Commission ("EEOC") against Schindler for discrimination. Schindler then offered Rodriguez re-employment in exchange for dropping the complaint, which Rodriguez accepted. Rodriguez alleges, however, that "[h]arassment continued through 2008 and 2009," during which time Schindler allegedly transferred him to unfavorable work environments, told him he was not as good as others, suggested that he return to his native country, and called him names. Schindler fired Rodriguez in November 2009, ostensibly because Schindler had no more work for Rodriguez. Rodriguez contends that Schindler did have work for him, and that since his termination, Schindler has hired less experienced employees "who were non-Hispanic and had not filed EEOC Complaints."[3]

Rodriguez filed this action on May 24, 2011, after filing a charge with the EEOC alleging Title VII violations and receiving a "Right to Sue" letter. Rodriguez alleges that Schindler engaged in unlawful employment practices in violation of Federal and state anti-discrimination laws. Schindler now moves to dismiss certain claims, namely (1) claims under the Louisiana

---

[2]   R. Doc. 1 at 2-3.

[3]   *Id.* at 4.

2

Employment Discrimination Law; (2) claims under federal law for race discrimination; (3) claims alleging a violation of a Collective Bargaining Agreement; and (4) federal claims based on conduct that occurred before June 11, 2009.[4]  Rodriguez does not object to dismissal of claims one through three above.  The Court dismisses those claims for the reasons argued by defendant. Rodriguez objects, however, to dismissal of federal claims based on conduct that occurred before June 11, 2009.[5]

## II.  STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court

---

[4]   R. Doc. 17.

[5]   R. Doc. 19.

is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. DISCUSSION**

Schindler asserts that Rodriguez filed Title VII claims of retaliation and discrimination based on national origin with the EEOC.[6] Schindler also asserts that the charge Rodriguez filed with the EEOC covers only those Title VII claims arising out of conduct occurring after June 11, 2009 because the conduct in

---

[6]   R. Doc. 19 at 2. The EEOC charge is not in the record.

question constitutes discrete acts as opposed to continuing violations. Although Schindler limits its discussion to discrimination and retaliation, Rodriguez's complaint also alleges a hostile work environment claim based on national origin.[7]

The Supreme Court has held that claims of termination and failure to promote are "discrete acts" for which "[e]ach act of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002) (internal quotation omitted). Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *Id.* at 105. In a deferral state, such as Louisiana, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir.2007); *Janmeja v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. College*, 96 Fed. Appx. 212, 214 (5th Cir. 2004); *Olubadewo v. Xavier Univ.*, No. 07-4587, 2009 WL 937009, at *9 (E.D. La. Apr. 6, 2009)(Wilkinson, Mag. J.). Here, Rodriguez filed his charge on April 7, 2010, which makes the cut-off date June 11, 2009. Because instances of discrimination and

---

[7] R. Doc. 1 at 4.

retaliation are treated as discrete acts, any such acts that occurred before June 11, 2009 are time-barred for purposes of establishing Title VII liability based on those claims. The Court notes, however, that *Morgan* does not preclude "an employee from using the prior acts as background evidence in support of a timely claim." *Morgan*, 536 U.S. at 113. *See also Everett v. Cent. Miss., Inc. Head Start Program*, No. 11-60026, 2011 WL 4716317, at *5-*7 (5th Cir. 2011)(considering time-barred acts as background evidence of Title VII case); *Fontenot v. Our Lady of Holy Cross College*, No. 11-1375, 2011 WL 4368836, at *4 (E.D. La. Sept. 19, 2011)(time-barred incidents admissible not as independent causes of action but to provide context to plaintiff's wrongful termination claim)(citing *Morgan*).

Although a plaintiff may not base claims of discrimination and retaliation on discrete acts that occur outside the statutory time period, the Supreme Court "carved out an exception for claims based on a hostile work environment." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004). *See also Moini v. Univ. Tex. at Austin*, No. A-10-CA-180-SS, 2011 WL 90472, at *7 (W.D. Tex. Jan. 10, 2011)(noting that *Morgan* divides Title VII claims into three categories: those based on discrete acts, those based on hostile work environment, and those based on pattern-or-practice). Here, the complaint contains a claim based on a hostile work environment. But the Court may consider only

6

those claims "which can reasonably be expected to grow out of the [EEOC] charge of discrimination." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006)(quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).  In making this determination, a court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789. "[C]laims set forth in the EEOC charge do not exhaust claims in a subsequent lawsuit unless they are 'like or related' to the claims in the charge." *Memon v. Deloitte Consulting, LLP*, 779 F. Supp. 2d 619, 635 (S.D. Tex. 2011)(citing *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)).  This is because "the primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." *McClain*, 519 F.3d at 273 (quoting *Pacheco*, 448 F.3d at 788-89).

In this case, the EEOC charge is not in the record and the Court cannot determine the scope of plaintiff's EEOC charge. Accordingly, unless the defendant concedes that plaintiff's hostile work environment claim is within the scope of his EEOC charge, the defendant is ORDERED to submit a memorandum to the Court within five working days of this order setting out its

arguments for the contrary position.  The defendant shall also attach a copy of the EEOC charge to its memorandum.  If the defendant submits such a memorandum, the plaintiff must respond within five working days of service of the defendant's memorandum.

IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss with prejudice Rodriguez's claims under the Louisiana Employment Discrimination Law, his federal claims based on race discrimination, and his claims alleging a violation of the Collective Bargaining Agreement.  The Court also GRANTS defendant's motion to dismiss Rodriguez's pre-June 11, 2009 claims for discrimination and retaliation.

New Orleans, Louisiana, this 30th day of December, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE