UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

AURELIO RODRIGUEZ                          CIVIL ACTION

VERSUS                                     NO: 11-1218

SCHINDLER ELEVATOR CORP.                   SECTION: R(2)


**ORDER AND REASONS**

Defendant Schindler Elevator Corp. moves the Court to dismiss plaintiff Aurelio Rodriguez's hostile work environment claim.[1]  Rodriguez does not oppose this motion.  Because the Court finds that Rodriguez's hostile work environment claim does not grow out of his EEOC charge, the Court grants the motion.


**I.   BACKGROUND**

Plaintiff Aurelio Rodriguez, whose mother was Honduran and father was Cuban, worked for defendant Schindler Elevator Corporation from 2005 to November 2009.  Rodriguez alleges that in 2008 co-workers called him "Wetback," "Spic," and other names due to his dark complection.  He reported this behavior to Greg Favalora, his superintendent at Schindler, after which Schindler terminated Rodriguez's employment.[2]  In response, Rodriguez filed

---

[1]      R. Doc. 27.

[2]      R. Doc. 1 at 2-3.

a complaint in 2008 with the Equal Employment Opportunity
Commission ("EEOC") against Schindler for discrimination.
Schindler then offered Rodriguez re-employment in exchange for
dropping the complaint, which Rodriguez accepted.  Rodriguez
alleges, however, that "[h]arassment continued through 2008 and
2009," during which time Schindler allegedly transferred him to
unfavorable work environments, told him he was not as good as
others, suggested that he return to his native country, and
called him names.  Schindler fired Rodriguez in November 2009,
ostensibly because Schindler had no more work for Rodriguez.
Rodriguez contends that Schindler did have work for him, and that
since his termination, Schindler has hired less experienced
employees "who were non-Hispanic and had not filed EEOC
Complaints."[3]

Rodriguez filed this action on May 24, 2011, after filing a
charge with the EEOC alleging Title VII violations and receiving
a "Right to Sue" letter.  The Court dismissed Rodriguez's claims
under the Louisiana Employment Discrimination Law, claims under
federal law for race discrimination, claims alleging a violation
of a Collective Bargaining Agreement, and federal claims based on
conduct that occurred before June 11, 2009.[4]  Rodriguez also

---

[3]    *Id.* at 4.

[4]    R. Doc. 26.

alleges a hostile work environment claim in his complaint,[5] which the Court reserved ruling on because the EEOC charge was not in the record at that time.[6]   Defendant Schindler now moves to dismiss Rodriguez's hostile work environment claim and submits Rodriguez's EEOC charge in support.

## II.   STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.   A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).   But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.*   It need

---

[5]     R. Doc. 1 at ¶XIV.

[6]     R. Doc. 26 at 7-8.

3

not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

## III. DISCUSSION

It is a well-settled rule of administrative law that a plaintiff must exhaust available administrative remedies before he files a complaint in federal court under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994). Because most EEOC complaints are initiated *pro se*, the scope of exhaustion of an EEOC complaint should be construed liberally. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)(citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970)). Despite this liberal construction, "claims set forth in

4

the EEOC charge do not exhaust claims in a subsequent lawsuit unless they are 'like or related' to the claims in the charge." *Memon v. Deloitte Consulting, LLP*, 779 F. Supp. 2d 619, 635 (S.D. Tex. 2011)(citing *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)). This is because "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco*, 448 F.3d at 788-89. Accordingly, the Fifth Circuit "construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" *McClain*, 519 F.3d at 273 (citing *Sanchez*, 431 F.2d at 466).

Here, Schindler contends that the allegations in Rodriguez's EEOC charge are "insufficient to give rise to a hostile work environment claim."[7] In his charge, Rodriguez checked off the boxes for discrimination based on retaliation and national origin and stated:

> I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because of my Hispanic national origin and in retaliation for filing charge of discrimination no. 461-2008-02278 on August 26, 2008, concerning harassment because of my national origin and retaliatory discharge for complaining about the harassment. I was reinstated for withdrawing that charge. Immediately after my re-hire, I was told that I had a stigma attached to me because I went to the

---

[7]    R. Doc. 27 at 3.

5

> EEOC and more than one supervising Mechanic told me that
> it was his job to make me quit.  Furthermore, my layoff
> was not in accordance with the company's policy with
> respect to seniority.[8]

The Court finds that the EEOC charge does not reasonably encompass Rodriguez's claim of hostile work environment.  A hostile work environment claim employs a "totality-of-the-circumstances test that focuses on the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating. . . and whether it unreasonably interferes with an employee's work performance." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347 (5th Cir. 2007) (internal quotations omitted).  Rodriguez alleges at most two discrete acts in his charge: (1) he was told he had a stigma attached to him, and (2) that more than one supervising mechanic told him that it was his job to make him quit.  An investigation concerning a hostile work environment would not "reasonably be expected to grow out of" these allegations of discrete acts of discrimination.  *Hill v. Dept. of Veterans Affairs*, No. 08-60532, 2009 WL 348767 (5th Cir. Feb. 12, 2009).  *See also Turner v. Novartis Pharms. Corp.*, 442 Fed. Appx. 139, 2011 WL 439 7072, at *2 (5th Cir. Sept. 22, 2011)(EEOC charges of discrimination and retaliation did not encompass later claim of hostile work environment); *Gates v. Lyondell Petrochemical Co.*, 227 Fed. Appx.

---

[8]    R. Doc. 28.

409, 2007 WL WL 1454464, at *1 (5th Cir. May 15, 2007)(hostile work environment claim "could not be expected to grow out of [plaintiff's] EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment").

**IV.   CONCLUSION**

For the foregoing reasons, the Court DISMISSES with prejudice Rodriguez's hostile work environment claim.

New Orleans, Louisiana, this 2nd day of February, 2012.

_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE